## Davis' Estate

*Alphonso Santangelo*, for Jessie L. Williams, accountant.

*Desmond J. McTighe*, of *Fox & McTighe*, for Alberta Davis and Elizabeth Linn Davis, accountants.

KNIGHT, P. J., thirty-eighth judicial district, specially presiding, April 24, 1945.—Testator died on August 17, 1943, leaving a will dated March 24, 1943, probated on August 24, 1943, on which the present letters were granted to the accountants, who were appointed executrices.

By his said will testator gave, devised, and bequeathed his entire estate to his three nieces, the accountants above named.

Testator was survived by neither wife nor issue.

The account shows a balance for distribution of $20,-420.48, composed of the unconverted investment securities and interests in estates, jewelry, and cash.

The transfer inheritance tax has been paid on account in the sum of $3,300. The balance of said tax as found to be due is awarded to the register of wills and payment thereof will be shown in the schedule of distribution hereinafter directed to be prepared.

In the account as filed credit is claimed for a fee of $1,500 for services rendered by Mr. Santangelo as counsel for the accountants.

At the audit Mr. McTighe of the firm of Fox & McTighe, presented a claim for compensation for services rendered by his firm as counsel for Alberta Davis and Elizabeth Linn Davis, two of the executrices.

It was agreed by all parties and the evidence establishes that $1,500 is a fair and reasonable fee for the services of all counsel engaged in the matter, but we are of the opinion that the fees should not exceed that amount.

The accountants are nieces of the testator and under his will took the entire estate after the payment of debts. Mr. Santangelo represented the decedent before his death and the accountants retained him to represent them in the settlement of the estate.

Differences arose among the accountants as to the distribution of certain articles of personal property of the decedent and the Davis sisters became dissatisfied with the services of Mr. Santangelo.

The will was probated on August 24, 1943, and three months later, on November 22nd, Mr. McTighe notified Mr. Santangelo that Fox & McTighe had been retained by the Davis sisters to represent them as executrices. From that time on the Davis sisters would not consult with Mr. Santangelo and all matters pertaining to ad-

ministration and settlement were completed by Mr. Santangelo after consultation with Mr. McTighe and with his coöperation.

The right of co-executrices to be represented by independent counsel we do not think can be questioned but the aggregate amount allowed as counsel fees to both should not exceed what would be paid if only one counsel represented all executrices: McCalla's Estate, 33 D. & C. 643 (1938) ; Rambo's Estate, 327 Pa. 258.

We are therefore of the opinion and so direct that the claim of Fox & McTighe for counsel fees should be and is allowed in the sum of $500, and the fee of Mr. Santangelo should be and is reduced to the sum of $1,000.

Ronald P. Williams, husband of one of the executrices, presented a claim for $60 as a commission due him for the sale of two automobiles of the decedent. The accountants instructed Mr. Williams to sell the cars and were told that a commission would be charged. The claimant advertised the machines at his expense, interviewed a number of prospective purchasers and sold the cars for an aggregate of $600. He claims a commission of 10%, but the evidence disclosed that 7% is the usual and ordinary commission paid to salesmen on the sale of cars. The claim is allowed in the sum of $42.

The balance for distribution is awarded in equal one-third shares to Jessie L. Williams, Alberta Davis, and Elizabeth Linn Davis.

Counsel for accountants shall file a schedule of distribution in duplicate.

The account is confirmed, and it is ordered and decreed that Jessie L. Williams, Alberta Davis, and Elizabeth Linn Davis, executrices as aforesaid, forthwith pay the distributions herein awarded.

And now, April 24, 1945, this adjudication is confirmed nisi.